UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **Heat On-The-Fly, LLC,** | § § § § § § § § § § § § § | |
| Plaintiff, | | JURY DEMANDED |
| vs. | | CIVIL ACTION NO. 3:14-cv-03631 |
| **Enservco Corporation, and** | | |
| **Heat Waves Hot Oil Service, LLC,** | | |
| Defendants. | | |

## ORIGINAL COMPLAINT

Heat On-The-Fly, LLC files this Original Complaint ("Complaint") against Defendants Enservco Corporation and Heat Waves Hot Oil Service, LLC, and would respectfully show the Court as follows:

### I.
### PARTIES

1. Plaintiff Heat On-The-Fly, LLC ("HOTF") is a limited liability corporation organized under the laws of the State of Louisiana and doing business in Texas.

2. Defendant Enservco Corporation ("ENSERVCO") is a Delaware corporation doing business in Texas in this judicial district and having a principal place of business at 501 South Cherry St., Ste. 320, Denver, Colorado 80246.

3. Defendant Heat Waves Hot Oil Service, LLC ("HEAT WAVES") is a Colorado limited liability company doing business in Texas in this judicial district

and having a registered agent for service of process named Paracorp Incorporated having an address of 3610-2 N. Josey Ln. #223 Carrollton, TX 75007.

## II.
## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. section 1, *et seq.*, including 35 U.S.C. section 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. sections 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America for infringement of U.S. Patent No. 8,171,993 ("'993 Patent") attached as Exhibit 1 and U.S. Patent No. 8,739,875 ("'875 Patent") attached as Exhibit 2.

5. This Court has personal jurisdiction over HEAT WAVES which is a Colorado limited liability company doing business in Texas.

6. This Court has personal jurisdiction over ENSERVCO which is a Delaware corporation doing business in Texas.

7. ENSERVCO regularly conducts business in the state of Texas and therefore has substantial and continuous contacts within this state and is subject to jurisdiction in this judicial district.

8. HEAT WAVES regularly conducts business in the state of Texas and therefore has substantial and continuous contacts within this state and is subject to jurisdiction in this judicial district.

9. Based on information and belief, ENSERVCO purposefully avails itself of the privileges of conducting business in this judicial district. Specifically, based on information

-3-

and belief, ENSERVCO has committed acts giving rise to HOTF's claims within this judicial district.

10. Based on information and belief, HEAT WAVES purposefully avails itself of the privileges of conducting business in this judicial district. Specifically, based on information and belief, HEAT WAVES has committed acts giving rise to HOTF's claims within this judicial district.

11. Venue in the Northern District of Texas is proper pursuant to 28 U.S.C. sections 1391(b)-(d) and 1400(b) at least because ENSERVCO and HEAT WAVES reside or may be found in this district and have a regular and established place of business in this district. In addition, based upon information and belief ENSERVCO and HEAT WAVES have committed acts of infringement including offers to sell services to businesses within this judicial district.

### III.
### PATENTS-IN-SUIT

12. On May 8, 2012, the '993 Patent entitled "Water Heating Apparatus for Continuous Heated Water Flow and Method for use in Hydraulic Fracturing" was duly and lawfully issued by the United States Patent and Trademark Office ("PTO").

13. HOTF owns all rights, titles, and interests in and to the '993 Patent.

14. On June 3, 2014, the '875 Patent entitled "Water Heating Apparatus for Continuous Heated Water Flow and Method for Use in Hydraulic Fracturing" was duly and lawfully issued by the PTO.

15. HOTF owns all rights, titles, and interests in and to the '875 Patent.

## IV.
## FACTUAL BACKGROUND

16. As the originator of heating water on demand for fracking operations and the owner of the '993 Patent and '875 Patent, HOTF has a history of innovation and is a pioneer in the field.

17. The United States Patent and Trademark Office has examined both the '993 Patent and '875 Patent allowing claims in both applications.

18. The '993 Patent was further examined and all claims allowed in a subsequent reexamination proceeding.

19. The patented HOTF methods, systems and apparatuses vastly improve the water heating process for hydraulic fracturing by heating water to required temperatures, at the volume levels and flow rates needed in a safe and effective manner.

20. Many companies have recognized the value of the '993 Patent and '875 Patent as the patents are licensed on a non-exclusive basis to water heating companies operating in at least 13 states (including Texas) and such companies practicee them pursuant to the licenses on behalf of major oil and gas companies.

21. On information and belief, at least HEAT WAVES markets and provides heating services that are specifically designed to directly compete with HOTF and HOTF licensees.

22. On information and belief, at least ENSERVCO has master service agreements with exploration and production companies, some of which are headquartered or have substantial business operations in Texas.

23. HOTF has in the past been in contact with attorneys for HEAT WAVES and ENSERVCO about HEAT WAVES and ENSERVCO activities and HOTF's patent rights.  Accordingly, based upon information and belief HEAT WAVES and ENSERVCO are aware of and had notice of at least the '993 Patent.

## V.
## CLAIMS FOR RELIEF

**INFRINGEMENT OF U.S. PATENT NO. 8,171,993**

24. HOTF incorporates by reference Paragraphs 1–23, inclusive, set forth as if fully set forth herein.

25. HOTF is the owner of the entire right, title and interest in and to the '993 Patent.

26. On information and belief, Defendants HEAT WAVES and ENSERVCO have infringed and are currently infringing the '993 Patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering for sale, and/or selling within this judicial district and elsewhere in the United States, without license or authority, apparatuses and processes falling within the scope (literally or under of the doctrine of equivalents) of one or more claims of the '993 Patent.

27. On information and belief, Defendants HEAT WAVES and ENSERVCO, induced and are actively inducing the infringement of the '993 Patent, with knowledge of the '993 Patent and knowledge that they were inducing the infringement of the '993 Patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting, assisting and encouraging others, including without limitation, one or more customers and end users, to directly infringe the '993 Patent with respect to the making, using, offering for sale, and/or selling within this judicial district and elsewhere in the

-6-

United States, without license or authority, apparatuses and processes falling within the scope of one or more claims of the '993 Patent.

28. On information and belief, Defendants' infringement of the '993 Patent has been and continues to be willful and deliberate. Defendants, with knowledge of the '993 Patent, engaged in objectively reckless conduct when they continued making, using, offering to sell, and selling the infringing apparatuses and processes in the face of an objectively high risk that they were infringing HOTF's valid United States '993 Patent.

29. As a consequence of Defendants' infringement, HOTF is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

30. Unless enjoined, Defendants will continue to infringe the '993 Patent, and HOTF will suffer irreparable injury as a direct and proximate result of Defendants' conduct.

31. HOTF has been damaged by Defendants' conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

**INFRINGEMENT OF U.S. PATENT NO. 8,739,875**

32. HOTF incorporates by reference Paragraphs 1–31, inclusive, set forth as if fully set forth herein.

33. HOTF is the owner of the entire right, title and interest in and to the '875 Patent.

34. On information and belief, Defendants have infringed and are currently infringing the '875 Patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering for sale, and/or selling within this judicial district and elsewhere in the United States, without license or authority, apparatuses and processes falling within the

scope (literally or under of the doctrine of equivalents) of one or more claims of the '875 Patent.

35. On information and belief, Defendants, induced and are actively inducing the infringement of the '875 Patent, with knowledge or willful blindness of the '875 Patent and with knowledge or willful blindness that each was inducing the infringement of the '875 Patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting, assisting and encouraging others, including without limitation, one or more customers and end users of apparatuses and processes, to directly infringe the '875 Patent with respect to the making, using, offering for sale, and/or selling within this judicial district and elsewhere in the United States, without license or authority, apparatuses and processes falling within the scope of one or more claims of the '875 Patent.

36. As a consequence of Defendants' infringement, HOTF is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

37. Unless enjoined, Defendants will continue to infringe the '875 Patent, and HOTF will suffer irreparable injury as a direct and proximate result of Defendant's conduct.

38. HOTF has been damaged by Defendant's conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

## VI.
## JURY DEMAND

39. HOTF demands a trial of this action by jury on all issues.

-7-
HOU:3484825.1

## VII.
## **P**RAYER

WHEREFORE, HOTF respectfully requests that the Court enter judgment as follows:

A. That Defendants have directly infringed the '993 Patent and the '875 Patent.

B. That Defendants have induced the infringement of the '993 Patent and the '875 Patent.

C. That Defendants and any of its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, be preliminarily and thereafter permanently enjoined from infringing, inducing others to infringe or contributing to the infringement of the '993 Patent and the '875 Patent;

D. That Defendants and any of its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, deliver to HOTF all products that are used to infringe the '993 Patent and the '875 Patent for destruction at HOTF's option;

E. That Defendants be ordered to pay compensatory damages to HOTF, together with prejudgment interest and post-judgment interest as allowed by law;

F. That Defendants be ordered to provide an accounting;

G. That the infringement by Defendants be adjudged willful and that the damages be increased under 35 U.S.C. § 284 to three times the amount found or measured;

H. That the Court enter judgment against Defendants and in favor of HOTF in all respects;

I. That the Court determine this is an exceptional case under 35 U.S.C. § 285 and an award of attorneys' fees and costs to HOTF is warranted in this action; and

J. For any such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**ANDREWS KURTH LLP**

By: /s/ *Tonya M. Gray*
    Gregory L. Porter
    TX Bar No. 24002784
    600 Travis, Suite 4200
    Houston, Texas 77002
    (713) 220-4621 (Telephone)
    (713) 238-7169 (Fax)
    gregporter@andrewskurth.com

    Tonya M. Gray
    TX Bar No. 24012726
    1717 Main Street, Suite 3700
    Dallas, Texas 75201
    (214) 659-4545 (Telephone)
    (214) 659-4810 (Fax)
    tonyagray@andrewskruth.com

    **ATTORNEYS FOR PLAINTIFF**